LakjeUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.:

SIGNAZON CORPORATION
Plaintiff
v.

CRAIG NICKELSON d/b/a ebuysigns.com
Defendant

## VERIFIED COMPLAINT AND JURY DEMAND

The Plaintiff, Signazon, Corporation, a corporation organized under the laws of Texas with a usual places of business in Dallas, TX and Charlestown, Massachusetts ("Signazon") files this Complaint pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101 et seq., as well as the Lanham Act, 15 U.S.C. § 1116 et seq. for a preliminary injunction and damages against Craig Nickelson d/b/a ebuysigns.com ("Nickelson") to prohibit Nickelson from continuing to infringe on the copyrighted works, the trademarked name of Signazon, palming off the work of Signazon and for statutory and/or actual damages. The Plaintiff alleges that the Defendant is infringing on its intellectual property rights in two ways: (1) it knowingly created a web site with a domain name that is identical to that of the Plaintiff except for the last letter, thereby directing consumers to his website who intend to visit the web site of the Defendant; and (2) by copying the copyrighted designs of the Plaintiff on 73 occasions, and offering those designs for sale on its web site.

### PARTIES

1. The Plaintiff, Signazon, has a usual place of business at 50 Terminal Street, Building 2, Boston, MA 02129 and in Dallas, Texas.
2. The Defendant, Nickelson, is a resident of 163 SW Stonegate Terrace, Lake City, FL 32024, with a d/b/a with a usual place of business at 321 NW Cole Ter. Ste. 103, Lake City, Florida, 32055.

### JURISDICTION

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et. seq*.

4. This Court has jurisdiction under 17 U.S.C. § 101, et seq; 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright).

5. This Court has personal jurisdiction over the Defendant Nickelson and venue in this Court under 28 U.S.C. §§ 1391(b) and § 1400 (a) because the Plaintiff has a place of business in this District, the Defendant conducts business in this Districts and the acts of infringement occurred in this District, and others.

## FACTS COMMON TO BOTH COUNTS
## PROTECTION OF SIGNAZON'S INTELLECTUAL PROPERTY

6. Signazon.com is a registered trademark of Signazon Corporation, Registration Number 3704953, Filing Date April 7, 2009 and Registration Date November 3, 2009 ("the Mark"). The trademark is filed under International Code 16, and concerns the category of advertising signs and adhesive-backed letters and numbers used for making advertising signs.

7. Signazon's web site has received copyright protection and was assigned Registration Number VA 1-783-787 by the Register of Copyrights.

8. The material that is protected in Signazon's Website, as described, and notice is given of Signazon's protected interest, in a "terms of use" page included on the Website. Signazon's page includes the following language:

> USE OF SITE
>
> This Site contains graphics, photographs, images, document layouts, artwork, text, fonts, software tools, and other information (referred to herein as "Content"). This Site and all Content are the copyrighted property of Signazon. It is strictly prohibited to retain, copy, distribute, publish, or use any portion of the Content without Signazon's prior written consent.
>
> You are granted permission to access and use this Site and its Content for the sole purpose of preparing and ordering products or services solely through Signazon (referred to herein as "Products"). This does not include the right to collect or use information contained on the Web Site for purposes to compete with Signazon. You agree to use this Site in a responsible manner that is in full compliance with these Terms of Use and with your local laws and regulations. …

**SIGNAZON AND NICKELSON ARE DIRECT COMPETITORS**

9. Signazon is engaged in the business of on-line sign design, production and sales, including among its specialties are business signs, banners, magnetic signs and other related products.

10. Signazon does all of its business on line, using the web domain www.signazon.com. It has been in business using the name for more than seven years.

11. According to its web site, the Defendant Nickelson is in the business of the on-line sales of vinyl lettering and advertising signs such as banners and decals.

12. Nickelson is therefore a direct competitor of Signazon.

**COPYRIGHT INFRINGEMENT**

13. In the early summer of 2010, the Plaintiff discovered that Nickelson was responsible for the posting of a website, www.ebuysigns.com, that included designs for the sale of products that were essentially copied from the copyrighted designs of the Plaintiff.

14. On June 22, 2010, the Plaintiff transmitted a "Cease and Desist" letter to Nickelson, by email and certified mail, pointing out that Nickelson's designs numbered 3609, 3612, 3613, 3614 and 3617 (the "Offending Designs") were strikingly similar to designs posted by Signazon. Signazon demanded that Nickelson remove the Offending Designs from its website. (The June 22, 2010 letter is attached hereto as Exhibit A).

15. The offending designs were removed when the Host Agent Go Daddy, the domain registrar for the Defendant, removed the web account in response to the Plaintiff's objections to the alleged infringement, and when the Plaintiff re-published its web site, it did not include the offending designs.

16. Nickelson responded to the Plaintiff's letter, through counsel, denying liability among other claims. (Letter of August 15, 2010 attached as Exhibit B).

17. However, as the Plaintiff learned in 2013, the offending designs were returned to the web site once Signazon concluded the matter was resolved and focused its attention elsewhere.

18. Attached as Exhibit C hereto is a document created by the Plaintiff in anticipation of this litigation and for the assistance of this Court comparing Signazon's original designs (with notation of the name of the Signazon employee who created the design), with the corresponding and offending design of the Defendant. Some are identical;

some are substantially similar in that only details are changed. In all, the Plaintiff provides 73 designs offered for sale on the Defendants web site that are identical to original Signazon designs or substantially similar.

## TRADEMARK INFRINGEMENT

19. Signazon discovered in April of 2013 that on July 20, 2010, between the time Signazon mailed the Cease and Desist demand letter and the time the Defendant responded through counsel, to the demand letter, Nickelson registered the domain name www.signazon.co through Go Daddy. (Attached as Exhibit D hereto is a copy of a web search result from "Whois.com" showing the owner of the domain name www.signazon.co to be Nickelson).
20. Nickelson did not inform the Plaintiff within his August 15, 2010 response letter that that just four weeks before providing the response, he had registered the domain name www.signazon.co (which was identical to that of www.signazon.com save for one letter).
21. Upon typing the web site name www.signazon.co into the address bar of a web browser, the user is automatically redirected to www.ebuysigns.com, the Defendant's business web site.
22. The creation of the web site www.signazon.co, and then the act of causing users to be automatically redirected to the Defendant's site is an intended to confuse consumers who seek to enter www.signazon.com, but miss the last letter through a typographical error.
23. The site www.siznazon.co and the automatic redirection of consumers to www.ebuysigns.com exists to this day.

## COUNT I – TRADEMARK INFRINGEMENT , LANHAM ACT

24. The Plaintiff incorporates by reference the allegations of Counts 1-23 of this Verified Complaint.
25. Plaintiff properly registered, uses and therefore owns the Mark.

26. The Defendant is using the same or similar mark, specifically by removing the last letter of the word mark, and then by redirecting search engine users who type in the Plaintiff's mark but leave off the last letter to his own site.

27. The Defendant's use of the mark is likely to confuse the public, thereby harming the Plaintiff.  The public will likely assume that the redirection from the intended site, [www.signazon.com](www.signazon.com), to the Defendant's site was not an intentional diversion, but instead an authorized forward of the address to an affiliated address for the same type of product.

28. The act of diverting the Plaintiff's business to the Defendant's website was intentional. The Defendant registered for the domain name just three weeks after receiving a "Cease and Desist" Letter identifying the Plaintiff, and just four weeks before responding to the Cease and Desist Letter through counsel.

29. The Plaintiff has suffered harm as a result of the Plaintiff's diversion.

## COUNT II – COPYRIGHT INFRINGEMENT

30. The Plaintiff incorporates by referenced the allegations of Paragraphs 1-28 of this Verified Complaint.

31. Signazon is, and during all relevant times has been, the copyright owner of exclusive rights under United States copyright laws with regard to certain content included on its website.

32. Plaintiff's are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard to and with indifference to the rights of the Plaintiff.

33. Plaintiff's belief that the foregoing acts of infringement are and have been willful.

34. As a direct result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendants' infringement of each of the copyrighted Website materials. Plaintiff is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

35. The conduct of Defendants is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights, and ordering Defendants to remove the offending material from its website.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

36. The Plaintiff repeats and incorporates by reference the allegations of Paragraphs 1-35 of the Verified Complaint as if specifically set forth herein.

37. Defendant's aforesaid conduct has created and is likely to continue to create, confusion, mistake and/or deception in the marketplace and industry as to the association of the Defendant with the Plaintiff.

38. Defendant's aforesaid conduct constitutes unfair competition at common law.

## COUNT IV
## STATE TRADEMARK INFRINGEMENT

39. The Plaintiff repeats and incorporates by reference the allegations of Paragraphs 1-38 of the Verified Complaint as if specifically set forth herein.

40. Defendants' aforesaid conduct constitutes infringement of Plaintiff's signazon.com name and mark in violation of the law of Massachusetts, G. L. c. 110B.

## COUNT IV
## DILUTION

41. The Plaintiff repeats and incorporates by reference the allegations of Paragraphs 1-40 of the Verified Complaint as if specifically set forth herein.

42. Defendant's use of the signazon.com name and mark in connection with its on-line printing business, involving the sale and offering for sale of products and services in Massachusetts creates a likelihood of injury to the business reputation of Plaintiff and a likelihood of dilution to the distinctive quality of Plaintiff's signazon.com mark and name, all in violation of the law of Massachusetts, G.L. c. 110B §12.

### COUNT V
### UNFAIR TRADE PRACTICES

43. The Plaintiff repeats and incorporates by reference the allegations of Paragraphs 1-42 of the Verified Complaint as if specifically set forth herein.

44. Defendant is engaged in business as defined by Massachusetts General Laws, c. 93A § 2.

45. Defendant's acts complained of herein were committed in Massachusetts by virtue of its presence on the internet.

46. Defendant's aforementioned conduct constitutes an unfair method of competition and an unfair and deceptive act or practice in the conduct of trade or commerce, all in violation of G.L. c. 93A §§ 2 and 11.

47. The aforementioned violations of G.L. c. 93A were willful and knowing.

### PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For a Temporary Restraining Order, *ex parte*, enjoining the Defendant, Nickelson, as well as its/his affiliates, employees, officers, directors, and representatives (collectively "Defendant"), from destroying, deleting, altering or modifying, any document, electronic data or other material that may contain information pertaining to Signazon or any of the designs included in Exhibit A to this Verified Complaint. The Defendant is ordered to preserve any and all of the correspondence, including internal and external email, concerning Signazon, the designs included in Exhibit A to this Verified Complaint. The Defendant is to preserve not only hard copy documents, but also electronic data and

7

information, no matter where such material may be stored or the forms and formats in which it is stored.  This obligation includes, but is not limited to, e-mail, software, firmware, databases, and all other data stored electronically, digitally, or magnetically.  This obligation also requires the preservation of all pertinent and discoverable electronic data no matter where it is stored, including on hard drives, servers, static drives, CD-ROMs, DVDs, cell phones, personal data assistants,  back-up tapes, optical tapes, and any other electronic storage device.  This obligation extends to laptops and other devices that may have been issued to the Defendant's employees, officers, directors, representatives or consultants.  The Defendant is enjoined from engaging in any routine business practices that have the potential to alter or destroy digital evidence without creating a backup of the data contained on the affected drive.  Such business practices may include server backup tape rotation; electronic data shredding; scheduled destruction of backup media; re-imaging of drives; drive hardware exchanges; sale, gift, or destruction of computer systems; and disk defragmentation or other disk maintenance routines.

2. After hearing, for a Preliminary Injunction enjoining the Defendant from continuing to use the web site [www.signazon.co](www.signazon.co)., under further order of this Court.

3. For an Order of Expedited Discovery, including an Order that will allow Plaintiff, *inter alia*, at its expense, to retain an independent expert, Mulholland Investigations of Jacksonville, Fla., to obtain the hard drives of any and all of the Defendant's business and personal computers for copying, so that evidence kept on the hard drives may be "imaged" (a form of copying electronic or magnetic drives).  Mulholland Investigations may retain possession of the drives for no more than two business days. The Defendant will not be entitled to obtain information from the imaged drives kept with Mulholland until and unless it has executed a Protective Order with terms that will protect confidential and proprietary information to the satisfaction of the Defendant and this Court, to be entered as a Stipulated Order of the Court, or in the absence of such an executed ; or in the absence of the Parties' consent to a Stipulated Order, this Court will Order the Plaintiff to comply with a protocol that will protect the proprietary and confidential business property and communication of the Defendant; and

4. For a permanent injunction, after hearing, issue a preliminary injunction providing:
    Defendant, along with its agents, owners, managers, members, partners, officers, directors, shareholders, successors, assigns or anyone acting on its behalf, shall be and hereby is enjoined from directly or indirectly infringing on Plaintiff's rights under federal law, state law, or common law in the Trademark or the Copyrighted Website or the web site designs as protected by common law, whether in existence now or later created, that is owned or controlled by Plaintiff, including without limitation by

      copying the names, Marks, designs, layout, text, images, likenesses, names or any other original work found on Plaintiff's website. The Defendant shall remove all material from its website that is similar or substantially similar in design, layout or content to material found on the Plaintiff's web site and the Defendant may not allow such material to be returned to its web site.

5. For a permanent injunction with terms consistent with the Preliminary Injunction sought in Prayer 2 but in addition requiring the Defendant to assign its rights to the web site [www.signazon.co](www.signazon.co) to the Plaintiff.

6. For lost profits of the Plaintiff or profits earned by the Defendants as a result of Trademark Infringement and state law claims for the palming off or the Plaintiff's work.

7. For multiple damages, not to exceed treble the amount of actual damages awarded by this Court, for the Plaintiff's Trademark Infringement, as provided by 15 USC sect. 1117 (a) and by Mass.G.L. c. 93A.

8. For statutory damages for each infringement of copyrighted material pursuant to 17 U.S.C. Section 504.

9. For reasonable attorneys' fees incurred herein, pursuant to 17 USC Section 504 and 15 USC sect. 1117 (a) and Mass.G.L. c. 93A and for Costs; and

10. For such other and further relief as this Court may deem just.

## JURY DEMAND

The Plaintiff demands a jury on all counts on which it is entitled to a jury.

                                        Respectfully submitted,

                                        SIGNAZON, INC.
                                        By its attorneys,

                                        /s/ Kenneth I. Gordon
                                        Kenneth I. Gordon, BBO# 556762
                                        GORDON LAW OFFICE
                                        63 Chatham Street
                                        Boston, MA  02109
                                        (617) 742-4602
Dated: May 13, 2013                        [kgordon@gordonlawoffice.com](kgordon@gordonlawoffice.com)

## VERIFICATION

    I, Richard Debus, as president and on behalf of Signazon Corporation, have read each and every one of the 10 pages of this Complaint, including this page, and I verify that every fact pled on first hand knowledge is true and accurate and every fact pled on information and belief is true, to the best of our information and belief.

                                                                        /s/ Richard Debus
                                                                        _____

                                                                        Richard Debus
                                                                        President, Signazon Corporation