UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11190-RGS

SIGNAZON CORPORATION

v.

CRAIG NICKELSON d/b/a ebuysigns.com

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

June 20, 2013

STEARNS, D.J.

This is a festering trademark and copyright dispute that appeared to have been resolved in 2010, but for allegations of recidivism on defendant Nickelson's part. On May 15, 2013, the court granted plaintiff Signazon's motion for a temporary restraining order and issued a short order of notice on its prayer for a preliminary injunction. A hearing was held on May 31, 2013, pursuant to the Order of Notice. The parties agreed to a standstill to permit defendant to file his objections to the court's personal jurisdiction, or in the alternative, to move for a change of venue to the Middle District of Florida. On June 10, 2013, defendant's motion was duly filed. Plaintiff has now filed an Opposition.

Signazon is a Texas Corporation that maintains places of business in

Charlestown, Massachusetts, and Dallas, Texas.  Signazon is registered to do business in Massachusetts and pays Massachusetts sales tax on sales that it makes to Massachusetts customers.[1]  Signazon operates an online printing business.  Defendant Nickelson operates a competing business based in Lake City, Florida.  Both parties actively market their businesses on the worldwide web.  The sole jurisdictional question is whether Nickelson's admitted sales through his ebuysigns.com website to customers in Massachusetts establish sufficient minimum contacts with the Commonwealth to permit this court to invoke specific personal jurisdiction.[2]

"The proper exercise of specific *in personam* jurisdiction hinges on satisfaction of two requirements:  first, that the forum in which the federal district court sits has a long-arm statute that purports to grant jurisdiction over the defendant; and second, that the exercise of jurisdiction pursuant to that statute comports with the strictures of the

---

[1] Defendant maintains that there is something sinister about Signazon claiming two states as its place of business and appears to argue that it should not be permitted to bring a lawsuit in any but the state (presumably Texas) where most of its business is conducted.  The court does not recognize (or comprehend) the principle of law on which this argument is based.

[2] Nickelson states in his Opposition that his Massachusetts sales are less than 1% of his total gross sales, however there is no mention of the gross sales total. Although Nickelson argues against a finding of general jurisdiction in his Opposition, there is no claim, actual or viable, by Signazon of the existence of general jurisdiction.

[Due Process Clause of the] Constitution."[3] *Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir. 1994). The due process concern for fundamental fairness is analyzed under a three-part test. "First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's court foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable." *United Elec. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992). In determining whether a defendant has "purposefully availed" itself of the privilege of conducting activity in the forum state, a court is to focus on the nature of the contact with the forum and avoid playing a "numbers game" – a single, meaningful contact with

---

[3] Under the Massachusetts long-arm statute, "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth; . . . [or] (c) causing tortious injury by an act or omission in this commonwealth." Mass. Gen. Laws ch. 223A, §§ 3 (a) and (c). Massachusetts courts construe section 3(a)'s "transacting business" test as extending jurisdiction to the outermost limit permitted by the Due Process Clause. *See Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik*, 295 F.3d 59, 63 (1st Cir. 2002). Signazon also asserts jurisdiction under the long-arm statute's section 3(d) "causing tortious injury in the commonwealth" provision. Because the court finds jurisdiction firmly established under section 3(a), a section 3(d) analysis is necessary.

the forum, even by means of a virtual presence, "can fill the bill." *Pritzker*, 42 F.3d at 61 (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220 (1957), for the proposition that a contractual relationship may be sufficient to confer jurisdiction even where the defendant does not physically enter the forum). *See also Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 62 (1st Cir. 2002) (telephone, e-mail, and fax communications directed to the forum state in contemplation of contractual services being in part performed in that forum are evidence of jurisdictional contact).

The core question – one that the First Circuit has not completely addressed – is whether an interactive website like the one owned and operated by Nickelson, which is located outside of Massachusetts but which Massachusetts residents can (and are invited to) access satisfies the purposeful availment test.[4] *See Cossaboon v. Maine Med. Ctr.*, 600 F.3d 25, 35 (1st Cir. 2010) (mere fact that a web site is interactive is not in and of itself sufficient to confer jurisdiction as a bare-bones test would eviscerate the limits on personal jurisdiction – one rather has to look to the extent to which the

---

[4] An active website is one on which business transactions are conducted. A passive website is one on which the host merely makes information available to Internet users. An interactive website, like Bednar's, is one that allows an exchange of information between the host and the user, but over which business is usually neither solicited nor conducted. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 2d 1119, 1123-1124 (W.D. Pa. 1997).

interactive features are actually used to conduct commercial activities).  The better view, and the one that has been adopted by this court (and implicitly by the First Circuit), flows from the so-called "*Zippo* test," which has been explicitly adopted by the majority of Courts of Appeals that have decided the issue.  *See  Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 2d 1119, 1124 (W.D. Pa. 1997).  The *Zippo* test examines a website's relative degree of interactivity.  Under *Zippo's* "sliding scale," the likelihood of personal jurisdiction being found is directly proportional to the amount

> of Internet activity purposefully generated by a defendant.  At one end of the spectrum are situations where a defendant clearly does business over the Internet.  If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper.  At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions.  A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction.  The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer.  In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.
> *Id.*

Because Nickelson clearly falls on the far end of the *Zippo* spectrum as one who does business actively over the internet in Massachusetts by soliciting customers indiscriminately, jurisdiction under the long-arm statute's section 3(a)'s "transacting any business" provision is met, as is the purposeful availment requirement of the Due Process Clause.

5

In the alternative, Nickelson moves for a transfer of venue pursuant to 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). There is, however, a "strong presumption" in favor of a plaintiff's choice of litigating forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The burden of justifying a transfer thus rests with the defendant. *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 49-50 (1st Cir. 2009) (noting a "general rule of deference to the plaintiff's choice of forum."); *Berrigan v. Greyhound Lines, Inc.*, 560 F. Supp. 165, 169 (D. Mass. 1982), *aff'd*, 782 F.2d 295 (1st Cir. 1986) ("[T]he question . . . is whether this forum is so inconvenient as to warrant a transfer."). *See also* 14C Wright, Miller & Cooper, *Federal Practice & Procedure* § 3725 at 95 (3d ed.1998). Here, Nickelson has failed to overcome the presumption favoring Signazon's choice of the District of Massachusetts as its preferred litigating forum. Nor has he established any greater inconvenience on his part than would fall on Signazon (which like Nickelson is little more than a virtual internet presence in Massachusetts). And, as Signazon points out, most of the necessary discovery in this case can be done electronically without incurring the expense of travel from forum to forum. Consequently, the motion for a

transfer of venue will also be denied.

Perhaps more to the point, Nickelson maintains that the dispute arose out of a negligent error on his part – one that he stands ready to correct permanently.  If this is true, the necessary facts can be verified quickly by the parties with a minimum of expense and without extensive supervision by the court.  To permit Signazon to test Nickelson's good faith in this regard, the motion for expedited discovery will be allowed.  The parties will submit a joint proposal phasing such discovery expeditiously in a manner that will represent the least feasible litigation burden for all involved to bear.

ORDER

For the foregoing reasons, Nickelson's motion to motion to dismiss for want of personal jurisdiction is <u>DENIED</u>.  The motion for a transfer of venue is also <u>DENIED</u>.  Signazon's motion for expedited discovery is <u>ALLOWED</u>.  The parties will submit a joint proposal governing the phasing of such discover for the court's approval within ten (10) days of this Order.  The standstill agreement will, in the interim, remain in effect.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE