UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11190-RGS

SIGNAZON CORPORATION

v.

CRAIG NICKELSON d/b/a
ebuysigns.com

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION

August 6, 2013

STEARNS, D.J.

Signazon is a Texas Corporation that maintains places of business in Charlestown, Massachusetts, and Dallas, Texas.  Signazon operates an internet-based online printing business.  Defendant Craig Nickelson operates a competing online sign printing business, Ebuysigns, as well as an internet-based kitchen design business, Florida Kitchens, from Lake City, Florida.  Both parties actively market their businesses on the worldwide web and are known to one another as the result of a copyright dispute in 2010 that was resolved short of litigation.

On May 15, 2013, the court granted Signazon's motion for a temporary restraining order after finding a prima facie case that several of its copyrighted designs had been appropriated by Nickelson.  The court issued a short order of notice.  A

hearing was held on May 31, 2013, at which the parties agreed to a standstill to permit defendant to file objections to the court's personal jurisdiction or, in the alternative, to move for a change of venue to the Middle District of Florida.  On June 20, 2013, the court denied both of defendant's motions and authorized expedited discovery.  By agreement of the panties, an evidentiary hearing on the prayer for a preliminary injunction was held on August 2, 2013.  Witnesses testified for each side, including Richard Debus, the President of Signazon, and Craig Nickelson, the principal of Ebuysigns, and appropriate exhibits were received in evidence.

## ESSENTIAL FACTS

Given the significantly narrowed request by plaintiff for an injunctive order as reflected in its Amended Proposed Order on the Motion for a Preliminary Injunction (Dkt # 41), the court needs only note the following essential facts, which are largely uncontested.  *See Applewood Landscape & Nursery Co. v. Hollingsworth*, 884 F.2d 1502, 1503 (1st Cir. 1989).  The original injunctive orders entered by the court addressed the preservation of evidence, principally images of defendant's computer hard drives and their production under the terms of a protective order.  The court relied on the representation of defendant's counsel that no further infringing activity would occur while the litigation was pending and that an injunctive order prohibiting such activity was unnecessary.  However, on July 2, 2013, Debus visited the Facebook page

of ebuysigns.com where he found six of Signazon's copyrighted designs being offered for sale as work product of Ebuysigns.[1]

By affidavit and in his testimony, Nickelson blames the copying on a freelance public relations consultant, Meghan Polanco, whom he hired originally some seven months ago to promote his Florida Kitchens internet presence. Nickelson testified that in late May or early June, he expanded her portfolio to include the embellishment of Ebuysign's Facebook page. He further testified that he did not supervise Polanco or advise her as to the desired page content. He states rather that after receiving notice from Signazon of the infringement, he contacted Polanco who told him that she had randomly selected the Signazon images from a Google Images page and that she did not realize that the images were proprietary. Finally, he states that he immediately removed the offending images from the Ebuysign's Facebook page.

While the prompt removal of the images is verified by the evidence, I am very skeptical of Nickelson's attempt to shift the blame for the infringing activity to Polanco. Moreover, I find it highly improbable that the six images Polanco copied came from Google Images (where they cannot be found in any one location), and were most likely

---

[1] Screen shots of the offending Facebook pages were offered in evidence at the hearing as well as copies of the original Signazon drawings. There is no question but that the ebuysigns.com graphics are exact duplicates of Signazon's copyrighted designs. Nickelson does not dispute the copying.

copied directly from Signazon's web page.  Whether this was done at Nickelson's direction or not is something that I cannot conclusively decide without hearing Polanco's testimony, but at a minimum, Nickelson's admitted  negligence (if that is what it is) in overseeing the content of Ebuysign's internet advertising is reason enough for the entry of a preliminary injunction.

## ESSENTIAL LAW

"[T]he test governing the award of a preliminary injunction . . . requires consideration of (1) the movant's likelihood of success on the merits, (2) the potential for irreparable harm, (3) a balancing of the relevant equities, and (4) the effect on the public interest."  *Campbell Soup Co. v. Giles*, 47 F.3d 467, 470 (1st Cir. 1995). "Likelihood of success is the main bearing wall of the four-factor framework."  *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 16 (1st Cir. 1996).  "[W]hen the likelihood of success on the merits is great, a movant can show somewhat less in the way of irreparable harm . . . ."  *E.E.O.C. v. Astra U.S.A., Inc.*, 94 F.3d 738, 743 (1st Cir. 1996).  The loss of a unique or fleeting business opportunity can constitute irreparable harm.  *Starlight Sugar, Inc. v. Soto*, 114 F.3d 330, 332 (1st Cir. 1997). Signazon has easily satisfied the first three factors, while the court takes judicial notice of the public interest in protecting ownership rights in intellectual property as  reflected by Congress's enactment of the Copyright Act, 17 U.S.C. §§ 101 et seq. in 1976.

4

ORDER

For the foregoing reasons, Signazon's motion for a preliminary injunction is ALLOWED, and the court will ORDER as follows.

(1) Nickelson, as well as his associated businesses, affiliates, employees, officers, directors, and representatives (collectively "Defendant"), is Ordered to permanently remove the offending six composite images (or images derived from them) identified in the July 2, 2013 Affidavit of Richard Debus as proprietary to Signazon from its ebuysigns.com web site or any other web site under Defendant's direct or indirect control.  Defendant is hereby enjoined from posting or using in any of its marketing materials, whether internet-based or not, any other image appropriated from Signazon or substantially derived from Signazon's copyrighted graphic designs.

(2) Defendant is placed on notice that any violation of this Order will be deemed by the court as punishable to the full extent provided by 17 U.S.C. § 504(c), as the court deems appropriate.

(3) The court will entertain an application from plaintiff for an award of *reasonable* attorney's fees for the costs of bringing the July 2, 2013 motion.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

5